GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
I recognize that we owe “double deference” to the state court’s decision. Juan H. v. Allen, 408 F.3d 1262, 1274-75 (9th Cir.2005). Nonetheless, in my view, the state court’s decision here involved an unreasonable application of Supreme Court precedent and was based on an unreasonable determination of the facts in light of the record evidence. 28 U.S.C. § 2254(d)(1), (2). The evidence showed that the perpetrator left in Jones’ car after robbing the store, that the car was backed into its parking place in a nearby lot, that the car was parked in a way that did not allow Jones to see that the store was being robbed, and that Jones was sitting in the passenger seat during the robbery and when the robber drove away. Certainly Jones was present during the getaway. But even seen through our very deferential lens, the evidence was insufficient to permit a rational jury to find that Jones knew of the robbery and intended to assist in its successful commission.